————o————

WILLIAM FICKLE, Respondent, *vs.* ST. LOUIS, KANSAS CITY AND NORTHERN RAILWAY COMPANY, Appellant.

1. *Practice, civil—Circuit Court, jurisdiction of—Aggregate amount claimed in all the counts.*—A suit can be brought in the Circuit Court, provided the aggregate amount, claimed in all the counts of the petition, is sufficient to give the court jurisdiction [Smith vs. Clark county, *ante p.* 58].

| 54 | 219 |
| 32a | 643 |
| 54 | 219 |
| 102 | 305 |
| 54 | 219 |
| 46a | 452 |
| 54 | 219 |
| 111 | 505 |
| 54 | 219 |
| 59a | 3 |
| 54 | 219 |
| 89a | 71 |

2. *Railroads—Injuries to cattle—Double damages—Statute, construction of—Who to be plaintiff.*—In a suit against a railroad for double damages for injuries to cattle, brought under the statute (W. S., 310, ¿ 43), the party injured is the proper plaintiff [Hudson vs. St. Louis, K. C. & N. R. R., 53 Mo., 525, affirmed].

3. *Railroads—Killing of cattle—Lack of fences—Presumption.*—If a person's cattle are killed on a railroad track, where the track passes through his inclosed field, at a point which was not a public crossing and where there was no fence, the presumption is, unless the circumstances of the case rebut it, that the cattle strayed on the track on account of the absence of the fence [Aubuchon vs. St. Louis & I. M. R. R., 52 Mo., 522].

4. *Practice—Supreme Court—General judgment on all the counts—New trial, motion for—Reversal.*—The Supreme Court will not reverse a cause, because a general judgment on all the counts was rendered for the plaintiff, when such question was not brought before the lower court in the motion for a new trial.

## *Appeal from Adair Circuit Court.*

*John M. Woodson,* for Appellant.

I. The counts in the petition first filed were below the concurrent jurisdiction of Circuit and Justices' Courts, and the Circuit Court should have dismissed the same. (Clark's Adm., vs. Han. & St. Joe R. R. Co., 36 Mo., 202.)

II. The double damage liability imposed by § 43 (W. S., 310) is a penalty recoverable only in the name of the State of Missouri, under § 42 of the same Act. By taking sections 42 and 43, and construing them together, it will be seen, if such double liability is a penalty, that it was unnecessary to provide a means for the recovery thereof in such section 43, as such remedy or means is provided in section 42. Again, by section 5 (W. S., 520,) a full and complete remedy is given to the owner of any animal killed or injured, &c. Construing the two statutes as consistent statutes, it follows that section 5 defines the owner's right of recovery to the extent of the value of his property ; and section 43, being a general police regulation, enacted for the protection of the public, defines the rights of the public, the people, the State of Missouri, which alone can sue for the penalty therein provided for. To the position taken it may be said, this court has passed upon this question of double liability in the case of Trice vs. Han. & St. Joe R. R. Co., 49 Mo., 436. It is admitted that, in that case, the question of double damages was involved ; but the question now

presented, a want of jurisdiction in the court and the right of respondent to sue in his own name, were not considered.

That case is regarded as an authority to support this position. It undoubtedly settles the constitutionality of the statute requiring railroad companies to fence; but it as well settles the question that such statute would be unconstitutional, were it not that a penalty is imposed for a failure to fence, which the legislature may dispose of in its discretion; and being a penal statute, all of its provisions should be strictly construed. And if a means of enforcement is provided by any section of such statute, it should be pursued, and no remedy not specifically provided should be implied. (State vs. Han. & St. Joe R. R. Co., 51 Mo., 532.)

III. The instructions asked by appellant should have been given. The respondent offered no evidence to show at what point the stock strayed upon the track. (Cecil vs. Pac. R. R. Co., 47 Mo., 246.)

IV. "A general verdict on the several separate counts in respondent's petition was error." The motion for a new trial among others, assigned as a reason for setting aside the verdict, because the finding or verdict is not specific or proper." (Bigelow vs. N. Mo. R. R. Co., 48 Mo., 510.)

*DeFrance & Halliburton*, for Respondent.

I. The Circuit Court had jurisdiction of the case originally, if all the counts together claimed judgment for $20.00. (Langham vs. Boggs, 1 Mo., 476, and cases cited; Judson vs. Macon Co. U. S. Cir. Ct., West Dist., Mo. [April Term, 1873]; W. S., 343, § 11; 14 Mo., 396; Clark's Adm'r vs. Han. & St. Joe. R. R. Co., 36 Mo., 202.)

II. The plaintiff under the evidence was clearly entitled to a judgment for double damages. (W. S., 310-11, § 43; Lafferty vs. Han. & St. Joe. R. R. Co., 44 Mo., 291.)

III. Each count of the petition in this case is good under the decisions of the Supreme Court. (Quick vs Han. & St. Joe. R. R. Co., 31 Mo., 393; Miles vs. Han. & St. Joe. R. R. Co., 31 Mo., 407.) They contain every allegation required by the statute. (W. S., 310-11, § 43.)

IV. The error, if any, in the finding was not properly brought to the attention of the court below in the motion for new trial.

VORIES, Judge, delivered the opinion of the court.

This action was brought in the Adair Circuit Court, to recover double damages from the defendant for the killing of stock by the cars conducted by the agents of defendant, at a point on its railroad where the said road was not fenced, and in the inclosed field of the plaintiff where there was no public crossing, &c.

The amended petition of the plaintiff consisted of four counts, which were all similar in their allegations, except as to the description of the stock killed, and as to the amount of damages claimed.

The allegations of the first count of the petition are substantially as follows :

1st. That the defendant is a corporation, &c., and was on the 1st day of August, 1872, the owner and occupier of a certain railroad leading from the city of St. Louis to Bloomfield, Iowa, and passing through Adair county in the State of Missouri, and of certain cars and locomotives running thereon.

2nd. That the plaintiff was then the owner and possessor of two calves of the value of twenty dollars, which calves without the fault of plaintiff strayed upon the track of said railroad at a point on the same, where it passed through plaintiff's inclosed field, where said road was not fenced, and where there was no public crossing on said road.

3rd. That defendant by its agents and servants so carelessly and negligently ran and managed the said locomotive and cars, that they ran against and over said calves, killing one and crippling the other, at a point on said road where the same was not fenced, and where there was no public crossing on said road, and in plaintiff's inclosed field.

4th. That the plaintiff was damaged thereby in the sum of seventeen dollars, and prays a judgment for thirty-four dollars, double the amount of the damages so sustained.

The defendant filed a motion to dismiss the suit for the reason, that the petition consisted of four counts setting out four separate causes of action, none of which claimed damages for as much as twenty dollars, and that therefore the court had no jurisdiction of the case, except by an appeal from a justice's court. This motion was overruled, and the defendant at the time excepted.

The defendant then filed an answer, denying the material allegations of the petition, except that it did not deny its corporate existence. The case was tried by the court, a jury having been waived by the parties.

The only witness introduced on either side was the plaintiff, who was introduced in his own behalf. His testimony tended to prove, that he was the owner of the calves, one of which was killed by the cars of defendant on the 15th of August, 1872; that there was no public crossing of the road where it was killed; both calves were injured by the cars, one internally, the other had a leg broken; that he drove them from near the road track where they were found. The section hands of defendant hearing of the matter came and killed one of the calves and skinned it, the one killed was the one injured internally; that the other calf was left on plaintiff's hands, and was afterwards cured by him to a great extent; that there was no fencing on the road, where the calves were found; that it was inside of plaintiff's field; there was no public crossing inside of the field; that the value of the calf killed was $12, and the other was damaged seven dollars.

The proof on the other counts was about to the same effect, except as to the value of the stock killed; the hogs described in one count were only proved to be worth 4 or 5 dollars, and in the other two counts from 12 to 15 dollars. At the close of the evidence, the defendant moved the court to make the following declarations of law:

"1st. The court declares the law to be, that under the evidence in this case plaintiff cannot recover in this action. 2nd. That in plaintiff's second count in the petition, he admits the value to be the sum of four dollars, which be-

ing beneath the concurrent jurisdiction of this court, plaintiff cannot recover in said count. 3rd. That in plaintiff's fourth count in his petition, he admits the value of stock to be $10, which is beneath the concurrent jurisdiction of this court, and plaintiff cannot recover. 4th. That plaintiff has offered no evidence to show, that the animals, charged to have been injured and killed, strayed upon the track of defendant without the fault of plaintiff, or at a point of defendant's road where the same was not fenced, or where there were no cattle guards, and that said injury and killing were occasioned by reason of there being no fence or cattle guards.

The court refused these declarations of law, and the defendant excepted. The court then found for the plaintiff, and found his damages to be thirty-nine dollars, and rendered a judgment in his favor for double the amount of the damages found.

The defendant moved the court to set aside the finding in the case, and to grant a new trial for the following reasons : "1st. The verdict and finding are against the law and evidence. 2nd. Because the verdict and judgment are against the instructions. 3rd. Because the court erred in refusing defendant's instructions. 4th. Because the court admitted improper evidence. 5th. Because the finding or verdict is not specific or proper."

This motion being overruled, the defendant again excepted.

The defendant then moved the court to arrest the judgment: "1st. Because the petition does not state sufficient facts to constitute a lawful cause of action. 2nd. Because there is a misjoinder in the same. 3rd. Because there are joined in each count more than one cause of action." 4th. Because the judgment is not supported by the record or evidence. 5th. Because the counts are below the concurrent jurisdiction of Circuit and Justices' Courts. 6th. Because the judgment is for a greater amount than the value of the stock killed and damaged." This motion also being overruled, the defendant again excepted, and appealed to this court.

The first ground insisted on by the defendant for the reversal of the judgment is, that the Circuit Court erred in overruling its motion to dismiss the suit on the ground that the petition consisted of four counts, the amount claimed as damages in neither of which, it is insisted, amounted to a sufficient sum to give the Circuit Court jurisdiction of the same. That exact question was before this court at the present term in the case of Smith vs. Clark County, *ante* p. 58, and it was there held, that where the aggregate amount claimed in all of the counts brought the cause within the jurisdiction of the court, it was sufficient to confer jurisdiction over the subject matter. That decision is conclusive on this point.

It is next objected by the defendant, that this suit, having been prosecuted under the 43rd section of the law concerning Railroad Corporations (W. S., 310) for double damages, should have been brought in the name of the State under the provisions of the 42nd section of the same act, and could not be brought in the name of the person injured. That exact question was fully considered in the case of Hudson vs. The St. Louis, Kansas City and Northern Railway Co., 53 Mo., 525, and it was there held, that the suit was properly brought in the individual name of the party injured, which may be considered as settling that point made in this case.

The next objection made by the defendant to the action of the Circuit Court is, that the court refused to declare the law, as asked for by the defendant, to the effect that the plaintiff had offered no evidence to show, at what point on the railroad the stock strayed on the road, and that they were caused to stray on the road by the neglect of the defendant to fence its road. To this objection it may be answered, that the evidence did tend to show that the stock went on the road in the plaintiff's inclosed field, where the road was unfenced, and where there was no public crossing. When it is proven that the stock were killed at such place, it certainly tends to prove that they there strayed on the road, and, if the road was not fenced, it is not necessary to prove affirmatively, that the stock was caused to stray on the road from the

want of a fence; that is a natural inference from the other facts, unless the inference is rebutted by the circumstances of the case. It is true that in the case of Cecil vs. Pacific R. R. Co., 47 Mo., 246, the learned Judge, in delivering the opinion of the court in that case, uses language that seems to conflict, with the view here taken, but in a later case decided by this court (Aubuchon vs. St. Louis & I. M. R. R. Co., 52 Mo., 522) it is held, that when it was alleged, that the defendant negligently and carelessly ran over and killed some of the cattle of the plaintiff, and that the same was done at the part of the road that was not fenced, and was not a public road crossing, the petition was sufficient. We think that that case was properly decided, and that the instruction or declaration of law asked for by the defendant in this case was properly refused.

The only remaining point insisted on by the defendant, as a ground for the reversal of the judgment, is, that the court rendered a general judgment in the case on all the counts in the petition, without making a separate finding on each count. It has been frequently held by this court, that such irregularities committed in the trial-courts will not be noticed in this court, unless the matter has been specifically brought to the attention of the trial-court by motion or otherwise.

The motion for a new trial in this case did not call the attention of the court to this objection. The only thing, that approached such objection, was that "the finding or verdict is not specific or proper." This is not sufficient. If the objection had been made to the trial court, that there was no separate finding on the several counts in the petition, the court, having tried the cause without a jury, would doubtless have corrected its finding, and the defendant would have had no cause to appeal to this court to have the finding corrected or the judgment reversed.

We see no substantial error in the record of this case, and the judgment will therefore be affirmed. Judge Adams not sitting, the other judges concurring, the judgment is affirmed.