JACOB LANTZ, Respondent, *vs.* ST. LOUIS, KANSAS CITY AND NORTHERN RAILWAY Co., Appellant.

1. *Practice, civil—Trials—Evidence—Railroads—Killing cattle—Presumptions.* —When it is shown in evidence, that cattle were killed by a railroad company, where their track passed through uninclosed prairie land, and where the track was not fenced, and where there was no road-crossing, the law presumes negligence on the part of the company.

*Appeal from Adair Circuit Court.*

*John M. Woodson, and Ellison & Ellison,* for Appellant.

I. The plaintiff was bound to prove, that the animal got on the track at a point where the railroad company was bound to fence its road. (Cecil vs. Pac. R. R., 47 Mo., 246.)

[The other points in the brief are necessarily omitted, not being reviewed by the court.]

*Harrington & Cover,* for Respondent.

I. The negligence is established by showing, that the injury was on a part of the road, not inclosed by a lawful fence, or not in the crossings of a public highway. (Brown vs. Han. & St. Joe. R. R., Co., 33 Mo., 309; Calvert vs. Han. & St. Joe. R. R. Co., 34 Mo., 242.)

WAGNER, Judge, delivered the opinion of the court.

This was an action for damages for killing a cow belonging to the plaintiff by the defendant's cars. The petition alleges, that the cow was killed on a part of defendant's road, where the same passed through uninclosed prairie land, and where the same was not fenced, and was not at a public road crossing.

At the trial, the killing of the cow by defendant's train was clearly proved, and also that it took place where the track was not fenced, and there was no road crossing. There was a verdict and judgment for plaintiff. A motion for a new trial was filed, assigning the usual reasons, and was by the court overruled.

The only question of law presented, deserving any attention, arises out of the ruling of the court in giving and refus-

ing instructions. The defendant asked the court to declare the law to be, that there was no proof or evidence, that the cow strayed upon the track without the fault of plaintiff, or by reason of there being no fence or cattle guards or of defects in the same, or that the killing was occasioned by the fact of there being no fence or cattle guards to keep said cow off the track of defendant, and that, therefore, plaintiff could not recover.

This instruction was refused, and rightly refused.

When the plaintiff showed that the animal was killed where the road passed through uninclosed prairie land, and that it was not fenced, and that there was no road crossing at the place, there was no necessity for him to go further and show, that the cow strayed upon the track without his fault, or by reason of the track not being fenced. From the proof of killing under such circumstances the law presumes negligence, and it does not devolve on the plaintiff to prove it.

The plaintiff asked for no instructions, but the court gave two of its own motion. These instructions were entirely too favorable to the defendant; the plaintiff might well complain of them, but the defendant cannot.

Some matters have been presented by counsel, which are outside of the record, and we decline to notice them.

Judgment affirmed; all the judges concur.