G. A. WALTHER, Defendant in Error, *vs.* PACIFIC R. R., Plaintiff in Error.

1. *Damages—Railroad—Failure to fence—Injury—Presumption as to cause.*—In an action brought under ? 43 of the Act, touching railroad corporations for killing of stock, (Wagn. Stat., 310-11.) wherever it is shown that stock has been killed on the track where it is the duty of the company to fence in the road, and the company has failed to fence in the manner required by law, a *prima facie* case is made for plaintiff. It is not requisite that the plaintiff should show further by affirmative evidence, that the stock were caused to go upon the road by the failure of the company to fence it. (Fickle vs. St. L. K. C. & N. R. R., 54 Mo. 219.)

2. *Railroads—Damage to stock—Enclosed and timbered lands—Fencing—Const. Stat.*—In suit for damage to stock under ? 43 of the Railroad Act, (Wagn. Stat., 310-11;) where it appeared that at the point of the accident, the road adjoined enclosed and cultivated fields on one side, but rough timbered and unenclosed lands on the other, and that the stock got upon the road from the unenclosed side, company held liable. Under a proper construction the statute contemplates that the road shall in such case be fenced, not only on the side on which the field is situated, but on both sides.

## Error to Cole Circuit Court.

*Litton & Smith, and Ewing*, for Plaintiff in Error.

I. The stock came on the road from an unenclosed and uncultivated, rough, rocky piece of woodland "commons" and not from an enclosed or cultivated field, or an unenclosed prairie," the only cases provided for by the statute.

Hence defendant was not liable under the statute. (Wagn. Stat., 310, § 43; Cecil vs. Pac. R. R., 47 Mo., 246.)

*E. L. King & Bro.*, for Defendant in Error.

VORIES, Judge, delivered the opinion of the court.

This action was brought before a justice of the peace, under § 43, Art. II, of the statutes of this State, concerning corporations, (Wagn. Stat., 1872, p. 310,) to recover double damages for the killing of a horse by defendant, at a point on defendant's railroad where it passed along and adjoining enclosed and cultivated fields, and where the road was not fenced by a good or sufficient fence as required by law

The statement filed before the justice as a cause of action charged, that the defendant was an incorporated company under the laws of this State; that on the 31st day of May, 1871, at Liberty township, in Cole county, at a point on the track of the defendant's railroad where the same passed along and adjoining an enclosed and cultivated field, and not at a private or public crossing of said road, the defendant by its agents and servants, running its locomotive and train of cars, ran the same upon, and over a horse of plaintiff's of the value of $125, and thereby killed said horse; that ·the defendant had failed and neglected to erect or maintain good or sufficient fences on the sides of its road, at the point where said horse got upon the track of said road and was killed; and that by reason of said killing, and by virtue of the 43rd section of chapter 63, of the General Statutes of Missouri, judgment is prayed for double the value of the horse killed, etc.

The plaintiff recovered a judgment before the justice, from which the defendant appealed to the Cole Circuit Court, where the plaintiff again recovered a judgment for double the value of the horse, as found by the jury. The defendant then sued out his writ of error, and has brought the cause to this court.

At the trial in the Circuit Court, it was admitted by the defendant that it was a corporation as charged. The evidence on the part of the plaintiff tended to prove that the defendant was the owner of, and· operated a railroad which runs through Liberty township, in Cole County; that on the 31st day of May, 1871, the agents and servants of the defendant who were in charge of a locomotive and train of cars, being used and run on said railroad in said township, ran the same. against, and killed a horse belonging to the plaintiff; that at the point where said horse was killed, the said road passed along or adjoined inclosed and cultivated lands on one side thereof; that on the other side of the road, the land was rough, rugged and uninclosed timbered land; that the road had been fenced, but the fencing was in a dilapidated condition, and wholly insufficient, being in places only one foot high; that the horse of the plaintiff was seen on the

track of the road, opposite to the inclosed fields on one side of the road where the cars of defendant struck, ran over, and killed him, and that the horse was worth one hundred and twenty five dollars, and that there was no road crossing at or near where the horse was killed. There was no evidence to show at what particular point or place, the horse came on to the road. There was no evidence offered on the part of the defendant. At the close of the evidence the court at the instance of the plaintiff instructed the jury as follows: It is admitted that the defendant is a corporation, as stated. If therefore the jury believe from the evidence that the plaintiff was, on or about the 31st day of May, 1871, the owner of the horse mentioned in the complaint, and that the horse got on the road of defendant where the same runs through, along or adjoining an inclosed or cultivated field, and that the defendant did not then and there have erected a good and substantial fence on the sides of the railroad, of the height of at least five feet, or have then and there cattle guards at road crossings at such points where the said railroad passed said cultivated field or inclosure, sufficient to prevent horses, mules and cattle from crossing; that said horse was killed at the time aforesaid by the defendant's engine or train of cars, and that the same was done in Liberty township, in Cole county ; then the jury will find for the plaintiff, and assess his damages at whatever sum they may believe he has sustained by reason of the killing, not to exceed the amount claimed." The defendant objected to said instruction, and his objection being overruled, it, at the time, excepted. The court then, at the request of the defendant, gave the jury the following instructions, to-wit :

First. The court instructs the jury, that the Pacific Railroad is not bound by law to erect and maintain fences along the line of its roadway, on the side or sides thereof, when the woods or commons abut against, or adjoin said railway; and if stock stray or get on said road from such woods or common, and go in any direction on said road, and are killed by the locomotives and cars of said railroad, the said railroad

is not liable therefor under the statutes, in this form of action.

Second. Unless the plaintiff prove to the satisfaction of the jury by affirmative proof, that the plaintiff's horse strayed on said railroad, at a point where it was bound by law to erect a lawful fence, and was killed by the locomotive and cars of defendant, the jury ought to find their verdict for the defendant.

Third. Although the jury may believe from the evidence, that the horse of plaintiff was killed on the track of said railroad, and at a point where on the south side of said railroad there was an enclosed field, and that the fence between said railroad and field was defective, and of less height than five feet; yet the plaintiff is not entitled to recover, if the jury shall believe further from the evidence, that said horse went on said railroad directly from the open woods and commons on the north side of said road, at any place whatever where such woods or common adjoins said roadway.

Fourth. Although the jury may believe from the evidence that the fences on the south side of said railroad, and on the north side thereof, where said road passed along, through, and adjoining an inclosed and cultivated field, was of a less height than five feet, and was defective, yet unless the plaintiff shows to the satisfaction of the jury that said horse got on said road by reason of such low and defective fences, and was killed on said road, the jury must find for defendant.

The jury found a verdict for the plaintiff for one hundred and twenty five dollars. The court, on motion of the plaintiff, then rendered a judgment in favor of the plaintiff for double the amount of the verdict.

In due time the defendant filed its motion for a new trial assigning all of the usual reasons for said motion. This motion being overruled, the defendant excepted. The defendant then filed its motion in arrest of judgment, in which it assigns as causes for said motion, that the verdict did not affirmatively show the 'statutory facts necessary to authorize the court to give judgment for double the amount thereof, and because

· the verdict does not support the judgment, under the statute. · This motion was also overruled by the court, and the defendant again excepted.

It is contended by the defendant that it is only liable, in this form of action, for stock killed by its locomotives and cars, which came upon its road from enclosed or cultivated fields or uninclosed prairie lands, and when said stock is caused to escape upon the road by the failure to erect fences at such place, and that therefore the instruction given to the jury by the court, at the request of the plaintiff, was improperly given.

It is also asserted, that there is no evidence in the case which tends to prove that the horse sued for escaped on the road of defendant from enclosed or prairie lands, and that therefore the court ought to have simply instructed the jury that there was no evidence in the case that would authorize them to find for the plaintiff, and that they should find a verdict for the defendant.

I do not think that this is a proper construction of the statute. The statute provides, (Wagn. Stat., 1872, 310, § 43 ;) · that: "Every railroad corporation formed or to be formed in this State, and every corporation formed or to be formed under this chapter, shall erect and maintain good and substantial fences on the sides of the road where the same passes through, along, or adjoining inclosed or cultivated fields or uninclosed prairie lands, of the height of at least five feet, with openings and gates, or bars therein, and farm crossings of the road, for the use of the proprietors or owners of the lands adjoining such railroad ; and also to construct and maintain cattle guards at all railroad crossings where fences are required as aforesaid, suitable and sufficient to prevent horses cattle, mules and other animals, from getting on the railroad. Until such fences, openings and gates or bars, farm crossings or cattle guards shall be duly made and maintained, such corporation shall be liable in double the amount for all damages which shall be done by its agents, engines or cars to horses, cattle, mules or other animals, on said road, or by reason of any horses, cattle, mules or other animals, escaping

from, or coming upon said lands, fields or inclosures, occasioned in either case, by the failure to construct or maintain such fences or cattle guards."

It will be seen that this statute provides for the recovery of damages by parties injured in two classes of cases; first, where damage shall be done by the agents, engines or cars of the railroad company to horses, cattle, mules or other animals on the road; second, where such animals escape from, or come upon, said lands, fields or inclosures, and damages result therefrom, occasioned in either case by the failure to construct or maintain fences, etc. In the one case, the injury is done directly to the horses or other stock by the agents or cars of the company; in the other cases the injury arises from the escape of the stock from the enclosed fields, or from the coming of stock upon said fields and the doing of damage thereon. Wherever it is shown that stock is killed on the track of the railroad at a point where it is the duty of a railroad company to fence the road, and not at a road-crossing, and the company has failed to fence the road as required by law, a *prima facie* case is made for the plaintiff. It is not requisite that the plaintiff should further show by affirmative evidence, that the stock were caused to go on the road by the failure of the railroad company to fence the road.

If the plaintiff's horse is shown to have been killed at a point where the road is required to be fenced, and where it is not fenced, it will be presumed, in the absence of any evidence to the contrary, that the damages were occasioned by the failure of the railroad to fence its track. It is true, that in case of Cecil vs. Pacific R. R. Co., 47 Mo., 246, a different rule was adopted; but in the case of Fickle vs. St. L., K. C. & N. R. Co., decided at the October term of this court, (54 Mo., 219) and in other cases decided by this court at the same term, it was held that where stock were killed on a railroad at a point where the road was required to be fenced, but was not fenced, it would be presumed that the injury was caused by the failure to fence the road, in the absence of opposing evidence. With this view of the law, the instruction given

by the court on the part of the plaintiff was a proper exposition of the law.

It is further insisted by the defendant, that where the railroad of the defendant passed along or adjoining to inclosed or cultivated fields on one side of it, but on the other the adjoining lands were rough, timbered, uninclosed lands, and the stock killed or injured by the locomotive or cars entered upon the road from the uninclosed side, the company is not liable for the injury to the stock, under the statute.

The statute provides, that where the road passes through, along or adjoining inclosed or cultivated fields, etc., good and substantial fences shall be erected on the sides of the road.

This seems to contemplate, that the road shall be fenced not only on the side on which the field is situated, but on both sides. The same thing is required where the road runs through uninclosed prairie lands, and the contemplation of the law is, that the road shall be fenced on both sides so as to prevent the approach of stock to the road ; and it can make no difference from which side the stock approach or come upon the road, the corporation is required to fence the road, and if it fails to do so, it is liable for the damages done to stock on the road, no matter from which side the stock approaches.

It follows, that the third instruction given by the court on the part of the defendant was improperly given, but as this instruction was unfavorable to the plaintiff and he does not complain, the judgment will not be reversed for the error of the court in giving said instruction. We also think, that the second instruction given on the part of the defendant was more favorable to it than the law would justify. Yet, as the plaintiff recovered notwithstanding these instructions, the defendant cannot complain, as the evidence is deemed sufficient to support the verdict.

The other judges concurring, the judgment of the Circuit Court is affirmed.