B. J. KINION, Respondent, v. KANSAS CITY, FORT SCOTT AND MEMPHIS RAILROAD COMPANY, Appellant.

[No. 4430.]

B. J. KINION, Respondent, v. KANSAS CITY, FORT SCOTT AND MEMPHIS RAILROAD COMPANY, Appellant.

[No. 4431.]

St. Louis Court of Appeals, February 18, 1890.

1. **Practice, Trial:** FAILURE TO OBJECT TO INCOMPETENT EVIDENCE. The oral testimony of the attorney of defendant railway company, given for the plaintiff, and to the effect that the defendant and another railroad corporation had been consolidated, is sufficient to establish such consolidation in the absence of objection to its competency.

2. ———: SUBSTITUTION OF CONSOLIDATED RAILWAY COMPANY AS PARTY. When a defendant railway company is consolidated with another railroad company, the new or consolidated corporation may be substituted on motion of the plaintiff in the place of the original defendant without the issue of process against it.

3. Railroads: KILLING OF STOCK: PRESUMPTIONS. In the absence of proof to the contrary, the law presumes that an animal came on the railroad track where it was killed, and proof that the cow was killed at a place where the railroad company was required by law to fence establishes a *prima facie* case against such company.

4. Justice of the Peace: EVIDENCE OF RIGHT TO OFFICE. When the transcript and papers filed in a cause recite that the person before whom the cause was instituted was a justice of the peace of the township no further evidence is necessary that such person holds office as such justice.

*Appeal from the Howell Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

*Wallace Pratt* and *Olden & Green*, for the appellant.

*Livingston & Winningham*, for the respondent.

BIGGS, J., delivered the opinion of the court in the first of these causes.

This action was commenced before a justice of the peace to recover double damages under section 809, Revised Statutes, 1879, from the Kansas City, *Springfield* and Memphis Railroad Company, for killing plaintiff's cow. The plaintiff obtained a judgment before the justice, and the company appealed the case to the circuit court. During the pendency of the appeal in the circuit court the Kansas City, *Springfield* and Memphis Railroad Company, the original defendant, and another corporation known as the Kansas City, Fort Scott and Springfield Railroad Company consolidated and formed the Kansas City, *Fort Scott* and

Memphis Railroad Company, the defendant in this action. At the trial in the circuit court the fact of this consolidation, and that the consolidated company was then the owner of the railroad, was disclosed by plaintiff's evidence, and at its close the plaintiff was permitted to amend his petition by substituting the name of the consolidated company as defendant. Judgment was entered against the consolidated company, and, its motion for new trial and in arrest of judgment being overruled, it has brought the case here by appeal.

I. In the first place the defendant assails the judgment and insists that it cannot be sustained for two reasons: (1) There was no competent proof of the fact of consolidation. (2) The action of the circuit court in permitting the plaintiff to take judgment against defendant without additional notice was unwarranted.

The first objection is clearly untenable for the reason that the defendant's attorney testified for plaintiff, without objection, that the consolidation of the old companies, by which the defendant corporation was formed, was consummated on the twenty-sixth day of April, 1888. This was tantamount to an admission of the fact by defendant. If it was intended to place upon plaintiff the burden of proving this by primary evidence, an objection to the secondary evidence should have been interposed. If such objection had been made the plaintiff might have been able to obviate the objection by the production of the primary evidence. Proof of the fact of consolidation was sufficient to fix the liability of the defendant for the obligation (if any) of the old company for killing the plaintiff's cow. No evidence as to the terms of the contract of consolidation was necessary, as the statute expressly provides that the consolidated company shall be subject to all the obligations and liabilities to the state, or otherwise, which belonged to or rested upon either of the companies making such consolidation.

But the second proposition presents for solution a more difficult legal question. When two existing corporations unite and form what is called a consolidated company, the subsequent legal status of the old companies, and also that of the new, is a matter of controversy, concerning which the courts are by no means in accord. Some authorities incline to the view that the corporate existence of each of the old companies is preserved and continues after the consolidation. When we consider the provisions of our statute and the effect of consolidation in respect of the property and franchises of the old companies, we cannot conceive upon what principle this position can be logically maintained. By the contract of consolidation all property belonging to the old companies, including their corporate privileges and franchises, are transferred to the consolidated company, and there is nothing left to sustain the corporate life of the original corporations. It seems to us that the old companies by their voluntary act completely merge their separate corporate existence, and, strictly speaking, a new legal entity is thereby formed. The exact legal status of the consolidated company is somewhat anomalous and hard to define. Literally speaking, it is a new corporation, but substantially it is but the continuation of the old companies under a new name. *Evans v. Bank,* 79 Mo. 182. It is not formed like other corporations. The re-incorporation, if we may use the term, is made complete by the mere act of the original companies. The consent of the state is not necessary; the acts of the original companies leading up to the consolidation need not be ratified or approved by any officer of the state; and it is only made the duty of the secretary of state to file and record in his office the contract of consolidation. Technically speaking, however, and for general purposes, it may be conceded that the consolidated company is a new corporation; but, touching the business of the old companies

and the rights of their respective creditors, we think the consolidated company ought to be regarded as the continuation of the old companies under a new name, and that, to that extent, it ought not to be regarded as a new corporation. Mr. Morawetz in his treatise on the law of corporations in discussing this question said : "In considering the rights of the creditors of the original companies, the consolidated company may be regarded as a continuation of each of these companies, with a change of its name and constitution, and of the amount of its capital stock." 2 Morawetz on Private Corporations, sec. 956. Under this view it was not necessary to bring the defendant into court by a new summons, and the simple and direct act of substitution adopted by the court was right. If John Smith is sued, and during the pendency of the suit he has his name changed to John Jones, a claim that he, as John Jones, must be brought into court by additional summons would be somewhat novel. Practically that is this case. We think, however, that the amended complaint ought to have set forth the fact of consolidation, etc., but we cannot see that this omission did any particular harm. We will have to rule this assignment against the defendant.

II. The defendant invokes the doctrine laid down by this court in the case of *Ferris v. Railroad*, 30 Mo. App. 122, and contends that there was no *proof* that the plaintiff was an adjoining or next-adjoining landowner to the defendant's railroad track, where it is alleged the animal strayed upon the track. The petition states, and the evidence shows, that the animal came on the defendant's railroad track or right of way where it passed through *unenclosed* lands. The doctrine of the *Ferris case* cannot be made to apply, when the animal got upon the track where the railroad passes through *unenclosed* lands. The obligation imposed by statute upon railroad companies to fence

their tracks where the same pass through *unenclosed* lands is for the benefit of the general public and not for the owners of such lands. *Rozzelle v. Railroad*, 79 Mo. 349 ; *Morris v. Railroad*, 79 Mo. 367. We will rule this assignment likewise against the defendant.

III. The defendant contends that there should be proof other than that furnished by the original papers, and the transcript, that W. W. Tucker was a justice of the peace of *Hutton Valley township in Howell county*. This position is untenable. The transcript of the justice, and all original papers sent to the circuit court, show that the proceedings were had before W. W. Tucker, justice of the peace of Hutton Valley township in Howell county. This was sufficient. *Duke v. Railroad, ante*, p. 105 ; *Hansberger v. Railroad*, 43 Mo. 196 ; *Fields v. Railroad*, 80 Mo. 203.

And lastly the defendant's counsel insists that there was no proof that the plaintiff's cow strayed upon the defendant's railroad track where the company was by law required to fence.

The testimony tended to prove that the cow was found dead, by the railroad track, where the defendant's road passes through unenclosed lands in Hutton Valley township; that the cow was mashed up and had two of her legs broken; that the road was not fenced at the place where the cow was found dead; and that there was no crossing at or near the place. The law presumes, in the absence of proof to the contrary, that the animal got on the track of defendant's road where it was killed. *Lantz v. Railroad*, 54 Mo. 228; *Walther v. Railroad*, 55 Mo. 271. The circumstances disclosed by the evidence tended to show that the cow was killed by an actual collision with the cars or locomotives running on the defendant's road, and the injuries inflicted indicated that the animal was killed at or very near the place where she was found dead. At this point the road was not fenced, and, under the repeated

adjudications of this state, this evidence made a *prima facie* case against the defendant.

The judgment of the circuit court will be affirmed with ten per cent. damages. All the judges concur; Judge THOMPSON in the result.

THOMPSON, J., delivered the following concurring opinion:

I concur on all points of the foregoing opinion, except upon the intimation . that an objection to the evidence offered to prove the consolidation, on the ground of its being secondary, would have been tenable, if made. Upon that point I do not concur in the language of the opinion.

BIGGS, J., delivered the following opinion of the court in the cause No. 4431.

For the reasons given by us in our opinion in case No. 4430, between the same parties, the judgment of the circuit court in this case will be affirmed with ten per cent. damages. All the judges concur.