J. M. WOOD, Respondent, v. THE KANSAS CITY, FORT SCOTT AND MEMPHIS RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, January 13, 1891.**

**Railroads: KILLING OF STOCK: PRESUMPTIONS.** Where an animal is shown to have been killed by cars at a point where the road is required to be, but is not, fenced, it will be presumed, in the absence of evidence to the contrary, that the loss was occasioned by the failure of the railway company to fence its track. And evidence, that the injury occurred where the road ran through woods, establishes, *prima facie* at least, an obligation of the company to fence its road at that point.

*Appeal from the Howell Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*B. F. Olden*, for appellant.

*Orchard & Winningham*, for respondent.

ROMBAUER, P. J.—This is an action for double damages under section 2611 of the Revised Statutes of 1889. The complaint states that the plaintiff's mare got on defendant's railroad track at a point, where the same passes through uninclosed fields and where the same was not fenced. The proof shows that the mare was killed by the cars of the defendant, and found by the plaintiff lying near the railroad track at a point where the railroad was not fenced, and ran through the woods. There was judgment for the plaintiff, and the error assigned by the defendant on this appeal is, that there is no evidence to support the verdict in this, that the evidence fails to show that the animal got upon the track where it was the duty of the company to fence.

There is no merit in either of these complaints. We have decided in *Kinion v. Railroad*, 39 Mo. App. 382, on the authority of *Walther v. Railroad*, 55 Mo. 271, that, where the animal is shown to have been killed at a point where the road is required to be fenced, and where it is not fenced, it will be presumed, in the absence of any evidence to the contrary, that the damages were occasioned by a failure of the railroad to fence its track. The evidence here is that the animal was killed by the defendant's cars at a point where the railroad was not fenced, and where it was the defendant's duty to fence, because *prima facie*, at least, woods are either inclosed fields or uninclosed lands.

As every point made in the case has been decided adversely to the appellant by former rulings of the supreme court and this court, we are justified in sustaining the plaintiff's motion to affirm the judgment with damages.

Judgment affirmed with ten per cent. damages. All the judges concur.