G. W. GOODWIN, Respondent, v. THE KANSAS CITY,
FORT SCOTT AND MEMPHIS RAILROAD COMPANY,
Appellant.

St. Louis Court of Appeals, January 27, 1891.

Railroads: KILLING OF STOCK. Evidence, which fails to disclose the
character of the land where the stock came upon the railroad, or
where such stock was killed, is insufficient to sustain a statutory
action based upon the obligation of the railway company to fence
its road.

*Appeal from the Oregon Circuit Court.*—HON. JAMES
ORCHARD, Special Judge.

REVERSED AND REMANDED.

*B. F. Olden*, for appellant.

Without proof showing that, at the point where the
animal got upon the track, the railroad ran through
uninclosed lands and was not fenced, there is no liability
fixed on defendant, and plaintiff cannot recover. *Nance
v. Railroad*, 79 Mo. 196 ; *Jantzen v. Railroad*, 83 Mo.
171 ; *Wilson v. Railroad*, 18 Mo. App. 258    *Pearson
v. Railroad*, 33 Mo. App. 543.

*J. H. Tribble*, for respondent.

BIGGS, J.—The plaintiff brought suit under section
2611 of the Revised Statutes, 1889, to recover double
damages for the killing of a cow by the defendant's cars.

It was alleged that the animal was killed by the
defendant's engine or cars at a point where its road ran
through uninclosed lands. The defendant at the close
of the plaintiff's case offered an instruction in the nature
of a demurrer to the evidence, which the court refused

to give.   The finding and judgment were for the plaintiff, and the defendant has appealed.

The attention of the court was called in the motion for a new trial to its adverse ruling on the demurrer to the evidence, and the defendant has assigned it for error in this court.   We have examined the record and fail to find any testimony as to the character of the land where the animal came on the track or was killed ; whether it was inclosed or uninclosed lands nowhere appears either directly or inferentially.   In this respect the plaintiff's proof fell short of the requirements of the law.   Before the plaintiff was entitled to recover double damages, it devolved upon him to introduce evidence having some tendency to prove that his animal came upon the track, where the defendant was bound by law to fence its right of way.   For this reason the demurrer to the evidence ought to have been sustained.   The points argued in the defendant's brief have been decided adversely to it in *Kinion v. Railroad*, 39 Mo. App. 382.

The judgment will be reversed and the cause remanded.   All the judges concurring, it is so ordered.