J. D. SAYER, Respondent, v. THE KANSAS CITY, FORT SCOTT AND MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 27, 1891.

Railroads : KILLING OF STOCK : INSUFFICIENCY OF EVIDENCE.    When the evidence is to the effect merely that an animal was not killed at a public or private road, and does not show the character of the land where the animal got upon the track, or where it was killed, it will not warrant a recovery against a railroad company for double damages for the killing of stock.

*Appeal from the Oregon Circuit Court.*—HON. JAMES ORCHARD, Special Judge.

REVERSED AND REMANDED.

*B. F. Olden*, for appellant.

It is well settled that the point where the animal came upon defendant's track determines the liability, and not the point where the animal was found dead; and the animal, having been found dead where the road was fenced there can be no presumption that the animal got upon defendant's track where the road should have been fenced and was not. *Ehret v. Railroad*, 20 Mo. App. 251; *Foster v. Railroad*, 90 Mo. 116; *Nance v. Railroad*, 79 Mo. 196; *Jantzen v. Railroad*, 83 Mo. 171; *Wilson v. Railroad*, 18 Mo. App. 258; *Pearson v. Railroad*, 33 Mo. App. 543.

*J. H. Tribble*, for respondent.

BIGGS, J.—The plaintiff recovered judgment for double damages under section 2611 of the Revised Statutes, 1889, for the killing of a bull by the defendant's cars at a point, where, as alleged in the statement, the railroad ran through uninclosed lands.

At the close of the plaintiff's evidence the defendant asked an instruction in the nature of a demurrer to the evidence. The court refused to give the instruction, and the defendant excepted. The attention of the court was called to this adverse ruling in the motion for a new trial, and it is assigned for error in this court.

We are of the opinion that the plaintiff's evidence was insufficient to authorize a verdict. There is no evidence in the case tending to prove the character of the lands at the place where the animal got onto the track, or where it was found dead. The averment was that the bull came on the track where the road ran through uninclosed lands, but there is no evidence to support the averment. There was evidence to the effect that the animal was not killed at the crossing of a public or

private road, but to that extent only did it go. This was probably an oversight, but it necessarily results in the reversal of the judgment.

There is no merit in the points argued in the defendant's brief. The second and third are expressly ruled against it in the case of *Kinion v. Railroad*, 39 Mo. App. 382. The evidence tended to show that, at or near the place where the animal was killed, the railroad fence had gaps in it sufficient to permit stock to get on the right of way, and that the fence had thus been out of repair during the entire summer. For this reason there is nothing in the first point that there was no proof showing that the defect in the fence existed prior to the time that the bull was killed, or that the defendant had any notice of such defect. The proof was sufficient to justify the conclusion that the fence was out of repair for a sufficient length of time to give to the defendant notice of that fact, and ample opportunity to remedy the defect.

For the reason stated, the judgment will be reversed and the cause remanded. All the judges concur.