WILLIAM M. FIELD, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 9, 1891.

Practice, Trial: DEMURRER TO EVIDENCE. In passing upon a demurrer to the evidence the court should make every inference of fact in favor of the party offering the evidence which the evidence warrants, and which a jury might with any degree of propriety have inferred; the evidence in this case is reviewed and *held* sufficient to be submitted to the jury.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*W. S. Shirk*, for appellant.

The demurrer to the evidence should have been sustained.

*Chas. M. Hawley*, for respondent.

The court did not err in overruling defendant's demurrer to the evidence. *Wilson v. Board of Ed.* 63 Mo. 137; *Brink v. Railroad*, 17 Mo. App. 177 ; *Fisher v. Railroad*, 23 Mo. App. 291 ; *Noeninger v. Vogt*, 88 Mo. 589 ; *Buesching v. Gaslight Co.*, 73 Mo. 219 ; *Feurt v. Brown*, 23 Mo. App. 332 ; *Baum v. Fryrear*, 85 Mo. 151 ; *Groll v. Tower*, 85 Mo. 249 ; *Sage v. Reeves*, 17 Mo. App. 210 ; *Williamson v. Fisher*, 50 Mo. 198; *Moody v. Deutch*, 85 Mo. 237; *Covey v. Railroad*, 86 Mo. 635.

SMITH, P. J.—This was an action begun before a justice of the peace, under section 2611, Revised Statutes, for the recovery of damages for the killing of a cow and calf. The plaintiff had judgment, and defendant appealed.

The defendant contends that the demurrer, interposed by it to the evidence, should have been sustained for the reason that there was no evidence whatever of either of the following facts : *First.* That defendant owned or operated the railroad by the side of which plaintiff's cow and heifer were found dead. *Second.* That the defendant ever run a single locomotive or train of cars over said railroad. *Third.* That either the cow or heifer were struck and killed by a locomotive or train of cars, or that a train of cars had passed over the road at the place where the stock was found for a week, a month or a year before. *Fourth.* That the cow or heifer got onto the railroad right of way at a point where the railroad was not fenced.

Before proceeding to the consideration of the grounds upon which defendant seeks to impeach the judgment, we may remark, that, in passing upon a demurrer, we will make every inference of fact in favor of the party offering the evidence which the evidence warrants, and which the jury might with any degree of propriety have inferred. This rule is too well established in this state to require a reference to the adjudged cases.

As to the first ground we may say that the evidence tended to show that defendant's section boss, Jennings, notified plaintiff that his stock had been injured on its roadway; "that it was killed on defendant's road by a train going east;" that it was defendant's night trains that generally killed the stock on the road; that the defendant's section boss requested persons to come and appraise the plaintiff's injured stock; that the defendant appeared by its attorney before the justice of the peace and took the appeal, which we think furnish a suficient basis to support the inference that the defendant at least operated the railroad by the side of which the plaintiff's stock was found injured. This evidence together with the further evidence as to the place where the plaintiff's stock was found, the physical appearance of the track there and the nature of the injury to the stock, justifies the inference that the defendant ran its locomotives and trains of cars over said railroad at the point where the plaintiff's stock was injured.

As to the fourth point, it is to be observed that there is no pretense that the defendant's right of way where it runs through the plaintiff's farm was fenced on the switch side. The plaintiff's pasture lies on the south side of defendant's right of way, and is uninclosed only on that side. The plaintiff's cow was left in the pasture on the night of the injury, because of a rain falling on the preceding evening, and undoubtedly she escaped from there onto defendant's track where she was struck and injured by a passing train. The calf ran, too, in the same pasture up to the time it strayed

upon the defendant's right of way. The plaintiff offered no direct and positive evidence that his stock strayed upon the defendant's unfenced right of way from his pasture lying on the south side of it, but the evidence adduced did furnish strong circumstances from which the jury might have reasonably inferred that such was the fact. *Walther v. Railroad,* 78 Mo. 617; *Fickle v. Railroad,* 54 Mo. 219; *Walther v. Railroad,* 55 Mo. 271. In short, it is impossible to read the evidence in the case without reaching the conclusion that there is no merit in the defense. The record is wholly barren of error, and the judgment will be affirmed. All concur.